GUTTMAN v. RASQUIN.

(Supreme Court, Appellate Term.   February 8, 1912.)

ATTORNEY AND CLIENT (§ 129*)—LIABILITY OF ATTORNEY—FAILURE TO PROSECUTE APPEAL—ACTIONS—SUFFICIENCY OF COMPLAINT.

A complaint alleged that defendant was an attorney, and that plaintiff employed him to prosecute "a certain appeal then to be brought on before the Supreme Court of the state of New York, Appellate Term.

First Department, wherein plaintiff herein was plaintiff appellant," and that defendant undertook to prosecute the appeal in a skillful manner, and that "it became the duty of the defendant herein to cause the record or return of the court in which said action was originally tried to be sent and filed with the clerk of the aforesaid appellate court, as required by section 317 of the Municipal Court act [Laws 1902, c. 580], * * * which the defendant negligently and carelessly failed and neglected to do." Section 317 merely requires the clerk of the Municipal Court, when proper costs and fees have been paid, to make the return and cause it to be filed with the appellate court. *Held*, that the complaint did not state a cause of action, not showing that the costs and fees prescribed by the Municipal Court act had been paid, or that defendant was plaintiff's attorney when the appeal was commenced.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 284–291; Dec. Dig. § 129.*]

Appeal from City Court of New York, Special Term.

Action by Sigmund Guttman against Rolland Read Rasquin. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to plead anew.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

William Rasquin, Jr., for appellant.
Sidney R. Lash, for respondent.

SEABURY, J. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The complaint alleged that the defendant was an attorney at law, and that the plaintiff employed him as attorney "to prosecute for and as his attorney and counsel, in a certain appeal then to be brought on before the Supreme Court of the state of New York, Appellate Term, First Department, wherein plaintiff herein was plaintiff appellant"; that the defendant "undertook to prosecute said appeal in a proper, diligent, and skillful manner as the attorney and counsel for this plaintiff"; that "it became the duty of the defendant herein to cause the record or return of the court in which said action was originally tried to be sent and filed with the clerk of the aforesaid appellate court, as required by section 317 of the Municipal Court act of the city of New York, which the defendant negligently and carelessly failed and neglected to do." The complaint also alleges that in consequence of the defendant's neglect as aforesaid the appeal was dismissed, which would otherwise in all probability have resulted in a decision in favor of this plaintiff, "in consequence of which he has and will be unable to collect the sum originally sued for, but was compelled to pay the costs on the dismissal of the said appeal."

We think that the complaint failed to state a cause of action and that the demurrer to it should have been sustained. Except for the reference in the complaint to section 317 of the Municipal Court act, there is no allegation from which it could be inferred that the judgment from which the plaintiff desired an appeal to be taken was recovered in the Municipal Court. Nor is there any allegation that the

costs and fees prescribed by the Municipal Court act had been paid. Certainly it was not the duty of the defendant to advance the expenses on the plaintiff's behalf, and unless they were paid the return from the Municipal Court could not be made. The complaint refers to section 317 of the Municipal Court act, and the pleader evidently seeks to supplement the statement of his alleged cause of action by this reference. It appears from this section, however, that it is the duty of the clerk of the Municipal Court, and not the attorney, when the proper costs and fees have been paid, to make the return and cause it to be filed with the clerk of the appellate court. Nor does it appear from this complaint that the defendant was the plaintiff's attorney at the time the appeal was commenced. So far as appears from the complaint, the plaintiff may not have paid the requisite costs and fees, and the clerk in consequence may have refused to make the return, and the defendant may not have been employed until after the time of the plaintiff to appeal had expired. None of the allegations of the complaint are inconsistent with the existence of this situation. In such a situation the failure of the defendant to prosecute the appeal would not render him liable in damages for negligence.

The interlocutory judgment appealed from is reversed, with costs, and the demurrer is sustained, with costs, and with leave to plaintiff to plead anew within six days from the service of a copy of the order entered herewith, after payment of said costs. All concur.